ADRIENNE D. COHEN (SBN 145163)
(adc@adcohen.com)
SEAN R. FERRON (SBN 227856)
(srf@adcohen.com)
Law Offices of Adrienne D. Cohen
1551 N. Tustin Avenue, Suite 750
Santa Ana, California 92705
Tel: (714) 954-0790
Fax: (714) 954-0791

Attorneys for Plaintiff
  Indian Harbor Insurance Company

**NOTE CHANGES MADE BY THE COURT**

FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2012
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Indian Harbor Insurance Company,<br><br>    Plaintiff,<br><br>    v.<br><br>Discovery 4 - A Residential Care Corporation et al.,<br><br>    Defendants.<br><br>and related Counterclaims and Cross-Claims | Case No.: CV12-4181 JAK(PJWx)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Honorable Patrick J. Walsh<br><br>*Note Court's Changes at page 11.* |

The parties to this action anticipate exchanging confidential information. To facilitate such exchange, and to protect the unauthorized or unfair use of such information by the receiving party, the parties request the court enter a Protective Order pursuant to F.R.Civ.P. Rule 26(c).

The parties previously submitted a Stipulation for Protective Order (D.E. 25). The Court did not enter the

1

Stipulation for Protective Order citing the parties' failure to show good cause (D.E. 26). The parties now submit this revised stipulation setting forth expressly the documents intended to be exchanged subject to the proposed protective order, and therefore now submit good cause is shown, and as such respectfully request the court now enter the attached Stipulated Protective Order.

Plaintiff Indian Harbor Insurance Company requests that the attached Stipulated Protective Order be entered prior to it producing its confidential, proprietary information in the form of its Underwriting Authority and Guidelines that is not disseminated to the public and involves private information regarding its standards and procedures in determining the issuance of a policy.

**DOCUMENTS SUBJECT TO PROTECTIVE ORDER**

Plaintiff Indian Harbor Insurance Company's Confidential Underwriting Authority and Guidelines

```
                           Respectfully submitted,


November 15, 2012              /s/ Sean R. Ferron
Date                       Law Offices of Adrienne D. Cohen
                           Sean R. Ferron

                           Attorneys for Plaintiff
                               Indian Harbor Insurance Company



                           Respectfully submitted,



November 15, 2012              /s/ Robert N. Rigdon
Date                       Robert N. Rigdon,

                           Attorney for Defendants
                               Discovery 4 – A Residential Care
                               Corporation, Torrance Care Center
                               West, Inc., and Ted Ndiyob



                           Respectfully submitted,



November 15, 2012              /s/ Thomas G. Gehring
Date                       Thomas G. Gehring,

                           Attorneys for Defendant
                               Glenn A. Marshak, M.D.
```

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing document described as **STIPULATION FOR PROTECTIVE ORDER**, to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

☒ By the Court's ECF system.

☐ By mail service to their attorney(s) of record, at the address(es) set forth below.

☐ By e-mail service to their attorney(s) of record, at the following email address(es) set forth below.

☐ By fax service to their attorney(s) of record, at the fax number(s) set forth below.

| Counsel for Glenn A. Marshak, M.D. | Counsel for Discovery 4 – A Residential Care Corporation; Torrance Care Center West, Inc.; and Ted Ndiyob |
|---|---|
| Thomas G. Gehring, Esq.<br>Thomas G. Gehring & Associates, APC<br>1534 Seventeenth St., Ste. 203<br>Santa Monica, CA 90404<br>tom@tomgehring.com | Robert N. Rigdon, Esq.<br>1019 Pier Ave.<br>Santa Monica, CA 90405<br>bobrigdon@roadrunner.com |

Executed November 15, 2012, Santa Ana, California.

/s/ Sean R. Ferron

SEAN R. FERRON

4

```
1  ADRIENNE D. COHEN (SBN 145163)
   (adc@adcohen.com)
2  SEAN R. FERRON (SBN 227856)
   (srf@adcohen.com)
3  Law Offices of Adrienne D. Cohen
   1551 N. Tustin Avenue, Suite 750
4  Santa Ana, California  92705
   Tel: (714) 954-0790
5  Fax: (714) 954-0791

6  Attorneys for Plaintiff
        Indian Harbor Insurance Company
7
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Indian Harbor Insurance Company,<br><br>    Plaintiff,<br><br>    v.<br><br>Discovery 4 - A Residential Care Corporation et al.,<br><br>    Defendants.<br><br>and related Counterclaims and Cross-Claims | Case No.: CV12-4181 JAK(PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Patrick J. Walsh |

Counsel for all represented parties having agreed to entry of the following Order, and good cause having been shown in the Stipulation filed herewith:

IT IS HEREBY ORDERED THAT:

### DEFINITIONS

1. "Documents" shall have the same broad meaning as within the Federal Rules of Civil Procedure.

2. "Confidential Information" means information contained or described in Documents, answers to interrogatories, responses to requests for admissions, trial testimony, depositions, transcripts of trial testimony and depositions, and any information derived therefrom deemed by any party to be confidential information belonging to it pursuant to F.R.Civ.P. Rule 26(c).

3. "Counsel" means counsel of record, and attorneys employed by counsel of record.

GENERAL RULES

4. Any party, including any third party, to this litigation who produces or discloses any Documents, things, or information which the producing party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Information designated "CONFIDENTIAL" will be limited to information which the producing party reasonably believes to be non-public, proprietary, or confidential information pursuant to Rule 26(c). Information designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" will be further limited to information which the producing party in good faith believes to comprise its most sensitive information, trade secrets or other confidential

1  research, development, financial, marketing, or other commercial
2  information.

3
4  5.    The producing party shall either mark the copies of such
5  Documents as may contain protected subject matter with the
6  appropriate confidentiality marking at the time the copies are
7  produced to the inspecting party or otherwise designate in
8  writing the appropriate marking.

9
10 6.    Whenever a deposition taken on behalf of any party involves
11 a disclosure of Confidential Information:

12
13     (a) said deposition or portions thereof shall be
14 designated as containing Confidential Information subject to the
15 provisions of this Order; such designation shall be made on the
16 record whenever possible, but a party may designate portions of
17 depositions as containing Confidential Information after
18 transcription; a party shall have until ten (10) days after the
19 service of the notice of completion of the deposition transcript
20 to inform the other parties to the action of the portions of the
21 transcript designated "CONFIDENTIAL" or "CONFIDENTIAL -
22 ATTORNEY'S EYES ONLY;"

23
24     (b) the disclosing party shall have the right to exclude
25 from attendance at said deposition, during such time as its
26 Confidential Information designated as "CONFIDENTIAL -
27
28                                 3

ATTORNEY'S EYES ONLY" is to be disclosed, any person other than the deponent, Counsel (and their staff and associates), the Court reporter (and videographer, interpreter, or other non-interested persons essential to the successful transcription of the witness), and the person(s) permitted to view such information pursuant to paragraphs 8 or 10 below. Likewise, the disclosing party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL" is to be disclosed, any person other than the deponent, Counsel (and their staff and associates), the Court reporter (and videographer, interpreter, or other non-interested persons essential to the successful transcription of the witness), and the person(s) permitted to view such information pursuant to paragraphs 9 or 10 below; and

(c) the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as appropriate, and the original shall at the time of filing with the Court be filed in accordance with L.R. 79-5.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth

herein and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by written agreement of Counsel or by order of the Court.

8. Information designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be viewed by the receiving party only by Chief Executive Officer of a Corporate Party, such party's Counsel and its paralegals, clerks, support staff and clerical personnel, and by independent experts including stenographic and clerical employees associated with such independent experts. Independent experts shall be defined to include only persons who are not current employees of a party, and who have been requested by Counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action, but grounds for objecting to an independent expert receiving information designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be limited by the above definition.

9. Information designated "CONFIDENTIAL" shall be viewed by the receiving party only by such party's Counsel, and their paralegals, clerks, support staff and clerical personnel, and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of

disclosure and has agreed, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms:

    (a) Executives of a receiving party who are required to participate in policy decisions with reference to this action;

    (b) Technical personnel acting with or on behalf of the receiving party who need to be consulted by Counsel, in the discretion of such Counsel, in preparation for trial of this action;

    (c) Independent experts as set forth in paragraph 8 above; and

    (d) Stenographic and clerical employees associated with the individuals enumerated above.

This paragraph (9) does not apply to the Court or any court personnel.

10. With respect to Documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," any person indicated on the face of the Document to be its originator, author or a recipient of a copy thereof at or about the time such Document was prepared may be shown the same.

11. The producing party has the burden to show the required good cause under Rule 26(c) to restrict access to information by use of either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" designations. If a party receiving an item of information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" reasonably believes that the information has been improperly designated, either as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," the receiving party must provide an objection in a reasonable manner to the producing party, specifying the Documents, information, or other things whose designation is objected to, and the basis for the objection. The objection may be initially oral but must be confirmed in writing. The producing party must respond to the objection within five (5) business days after delivery of the written objection. If the producing party does not respond to the objection in said time frame, and the receiving party has good cause and good faith to know that the producing party has received the objection, the receiving party may then treat the information as non-confidential, but still must limit the use of such information to this action. If the producing party responds to the objection, and the parties cannot reach agreement regarding the objected-to designations, the objecting party shall have the right to bring before the Court the

question of whether any particular information is properly designated.

12. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the receiving party, except that such material may be used in depositions or court proceedings as provided herein, and independent experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

13. Any Documents produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other Documents which are filed with the Court for any purpose and which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be filed in accordance with L.R. 79-5.

14. The restrictions set forth in this Order shall not be construed:

   (a) To preclude any party or its attorneys of record from making lawful use of information which was lawfully in their

1 possession without restrictions prior to the receipt of
2 information under this Protective Order; or

3    (b)  To apply to information lawfully obtained by a party
5 from any non-party to this action having the right to disclose
6 such information; or

7    (c)  To apply to information that has been or becomes part
9 of the public domain by publication, a declaration under law, or
10 otherwise, and not due to any unauthorized act or omission on
11 the part of a receiving party.

13 15. Neither the taking of any action in accordance with the
14 provisions of this Protective Order, nor the failure to object
15 thereto, shall be construed as a waiver of any claim or defense
16 in this action. Moreover, neither the failure to designate
17 information in accordance with this Order nor the failure to
18 object to a designation at a given time shall preclude the
19 filing of a motion at a later date seeking to impose such
20 designation or challenging the propriety thereof, unless
22 expressly stated herein. The entry of this Order shall not be
23 construed as a waiver of any right to object to the furnishing
24 of information in response to discovery or to object to a
25 requested inspection of Documents or things, and, except as

9

expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

16. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain relief against any such violation or threatened violation. The parties and any other person subject to the terms of this Order agree that this Court may retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

17. Immediately after entry of final judgment including appeals, or of dismissal of a party in connection with this action, all Documents and things or transcripts of deposition or trial, together with all copies thereof, which have been designated as including Confidential Information shall be returned to the producing party or destroyed, provided that Counsel may retain one copy of any and all Documents and things or transcripts which contain Confidential Information for the purpose of any possible future dispute over alleged violation of this Protective Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action.

18. Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Documents or other discovery material or relief from this Protective Order with respect to particular material designated as containing Confidential Information.

19. This terms of this Protective Order shall be binding on the parties hereto when signed, as an agreement, regardless of when or whether the Court enters this Order.

IT IS SO ORDERED

11/16/12
DATED

*(signature)*
United States Magistrate Judge
Honorable Patrick J. Walsh

This protective order does not authorize the parties to file documents under seal. Should counsel seek to file documents under seal under L.R. 79, the Court will determine at that time if the documents can be filed under seal.

PJW